# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULETTE A. AYERS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | NO. 1:10-771-PD |
| MICHAEL J. ASTRUE, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                        August 5, 2011

       This action was brought pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security ("Commissioner") denying the claims of Paulette A. Ayers ("Plaintiff") for Disability Insurance Benefits ("DIB") Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Plaintiff has filed a request for review of the final decision of the Commissioner. (Doc. Nos. 11 & 12). By way of response, Defendant filed a Motion to Remand. (Doc. No. 13). The matter has been referred to me for a Report and Recommendation. For the reasons set forth below, I recommend that Defendant's unopposed Motion for Remand be granted, Plaintiff's request for review be denied as moot, and that final judgment be entered.

## I.     FACTS AND PROCEDURAL HISTORY

       Plaintiff filed an application for DIB on May 6, 2003, alleging that she had been disabled since June 2, 2002, due back strain/sprain and depression. (R. 14-15, 58, 83-84, 94-96). Plaintiff's application was denied at the initial levels, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 43-48, 53-54). In a decision dated November 18, 2004, the ALJ found that Plaintiff retained the residual functional capacity to perform a significant

range of light work, and there were a significant number of jobs in the national economy that Plaintiff could perform. (R. 23-24). Thus, the ALJ concluded that Plaintiff was not entitled to DIB. (R. 24-25). The Appeals Council subsequently denied Plaintiff's request for review. (R. 5). The ALJ's decision thus became the final decision of the Commissioner. 42 U.S.C. § 405(g). Plaintiff then initiated an action in the District Court of Delaware seeking judicial review of the ALJ's decision. (R. 384-438). Plaintiff's first appeal to the District Court resulted in remand due to the ALJ's failure to properly evaluate Plaintiff's credibility and the treating source opinions. (R. 384-438). On April 23, 2008, the ALJ again determined that Plaintiff was not entitled to benefits. (R. 349-374). The Appeals Council then denied Plaintiff's exceptions to that decision. (R. 340-345). Plaintiff initiated this action on September 10, 2009, seeking judicial review of the ALJ's decision. The matter was referred to this Magistrate Judge for preparation of a Report and Recommendation.

## II.     DISCUSSION

Plaintiff alleges that the ALJ made multiple factual and legal errors in rejecting at least seven treating source opinions that were consistent with a finding of disability, the ALJ's hypothetical to the vocational expert ("VE") was incorrect, the VE's testimony conflicted with Agency policy, and the record is missing at least 18 relevant exhibits. (Doc. No. 12, p. 1-2). Plaintiff notes that Ms. Ayers' case has been delayed for eight years. Thus, Plaintiff requests that the matter be remanded for payment of benefits.

In response, Defendant filed a Motion to Remand. Defendant's Motion to Remand

informs the Court that the parties now agree that remand for further proceedings is warranted.[1]

The parties agree, and the record reflects, that the ALJ cited to numerous exhibits that do not actually appear to be part of the record.[2] (R. 349-357). Given the missing and/or misidentified records, Defendant has properly requested remand pursuant to sentence four of 42 U.S.C. section 405(g), and I find that the matter should be remanded for full and proper consideration of a complete administrative record.

Specifically, the ALJ should locate the missing and/or misidentified records, which are referenced in the ALJ's decision, and issue a new decision if the records are located. If the records are not located on remand, the ALJ should obtain the missing records and then issue a new decision. Additionally, the ALJ should be mindful of the fact that the January 28, 2011 decision to award benefits may have relied on evidence that is also in the record in the present case. (Doc. No. 12, Ex. A). The January 28, 2011 decision should not be disturbed on remand. Finally, final judgment should be entered in this case.

Therefore, I make the following:

---

[1] Defendant states that "The Commissioner has contacted Plaintiff's counsel, who consents to the granting of [Defendant's remand] motion." (Doc. No. 13, p. 2).

[2] For example, the ALJ's opinion cites to and relies upon exhibits B-4F through B-17F, B20F. (R. 349-374). However, the record does not appear to contain any documents labeled B-4F through B-17F or B20F, in either the List of Exhibits (R. 1-4) or on the actual exhibits themselves. (R. 115-293, 456-561).

# RECOMMENDATION

AND NOW, this __5TH__ day of August, 2011, it is RESPECTFULLY RECOMMENDED that the instant matter be remanded to the Administrative Law Judge for further proceedings consistent with this Report and Recommendation.

        **BY THE COURT:**

        __/s/ Lynne A. Sitarski__
        **LYNNE A. SITARSKI**
        **UNITED STATES MAGISTRATE JUDGE**